**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODERICK WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A, K. SCRIBNER, et al.,<br><br>　　　　　Defendants. | NO. 1:03-cv-05287 LJO  GSA PC<br><br>ORDER DISMISSING THIS ACTION FOR PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se in this civil rights action.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On March 16, 2011, an order was entered in this case, noting that <u>Washington v. Early, et al</u>, 1:03 cv 05263 LJO SMS PC, was dismissed for Plaintiff's failure to respond to an order to show cause why his action should not be dismissed.  In the March 16, 2011 order, Plaintiff was directed to notify the Court within twenty days regarding his intention to proceed in this action. Plaintiff failed to file a response, and on April 6, 2011, an order to show cause was entered, directing Plaintiff to show cause, within ten calendar days, why this action should not be dismissed, with prejudice, for his failure to prosecute.  Plaintiff has not filed a response to the order to show cause.

　　　　The failure to obey a scheduling order is grounds for imposition of sanctions.  In the

March 16, 2011, order directing Plaintiff to notify the Court of his intention to proceed, Plaintiff was warned that his failure to respond would result in dismissal.  The April 6, 2011, order to show cause cautioned Plaintiff that his failure to respond would result in dismissal of this action with prejudice.   More than ten days have passed, and Plaintiff has not filed a response to the order to show cause.[1]

"A scheduling order is not a frivolous piece of paper, idly entered . . . ."  Johnson v. Mammoth Recreations, Incl, 975 F.2d 604, 610 (9th Cir. 1992)(internal quotation marks and citation omitted).  Parties are required to exercise due diligence, Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002)(citing Johnson, 975 F.2d at 609), and the Court finds  that Plaintiff's failure to file a pretrial statement and failure to respond to the order to show cause warrant the imposition of sanctions.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of this action.   Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure to comply with an order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants: (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006)(internal quotations and citations omitted).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  In re PPA, 460 F.3d at 1226 (citation omitted).

The expeditious resolution of litigation and the Court's need to manage its own docket weigh in favor of dismissal.  See id.  at 1227.  Plaintiff had ample time to respond to the order directing him to inform the Court of his intention to proceed and to the order to show cause.  The

---

[1] Because Plaintiff is no longer incarcerated, what is commonly referred to as the prison mailbox rule does not apply.  Caldwell v. Amend, 30 F.3d 1199, 1202 (9th Cir. 1994); Houston v. Lack, 487 U.S. 266, 270 (1988).

2

1  Court has an enormous caseload, and when litigants disregard orders of the court and deadlines,
2  the Court's ability to manage its docket and guide cases toward resolution is significantly
3  compromised.  See id.
4         As for the risk of prejudice to Defendants, there is no identifiable prejudice in this
5  instance.  See id. At 1227-28.  Regarding the fourth factor, while public policy favors disposition
6  on the merits and weights against dismissal, it is Plaintiff's own conduct which is at issue here
7  and which has stalled this case.  See id. at 1228.  Finally, there are no alternative sanctions which
8  are satisfactory.  Monetary sanctions are not available given that Plaintiff is proceeding in forma
9  pauperis. In sum, the Court finds dismissal is warranted given Plaintiff's failure to respond to an
10 order specifically directed at his intention to proceed, and the unavailability of satisfactory
11 alternative sanctions.  See id. At 1228-29.
12        Accordingly, IT IS HEREBY ORDERED that this action is dismissed, with prejudice,
13 based on Plaintiff's failure to respond to the March 16, 2011, order and the April 6, 2011, order
14 to show cause.  The Clerk is directed to close this case.

17        IT IS SO ORDERED.
18 **Dated:   April 20, 2011**                        /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE